IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 15, 2008 Session

# MAXWELL MEDICAL, INC., Successor in Interest to Max Well Medical, LLC., v. LOREN L. CHUMLEY, Commissioner of Revenue, State of Tennessee

Direct Appeal from the Chancery Court for Davidson County
No. 04-1548-1    Hon. Cristi Scott, Chancellor by Interchange

No. M2007-01702-COA-R3-CV - Filed September 22, 2008

The Clerk and Master, a substitute Judge, granted defendant summary judgment in this case, and plaintiff appealed. The record reveals that the substitute Judge was not designated in accordance with the statutes and case decisions, and we therefore vacate the summary judgment and remand to the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Vacated.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Michael G. Stewart, Brett R. Carter and Christopher A. Wilson, Nashville, Tennessee, for appellant.

Robert E. Cooper, Jr., Attorney General and Reporter, and Mary Ellen Knack, Senior Counsel, Office of the Attorney General, Nashville, Tennessee, for appellee.

## OPINION

Appellant, MaxWell Medical, Inc., appeals from the summary judgment granted the defendant. The parties had filed cross motions for summary judgment where the only issue was whether glucometers and related products were exempt from Tennessee sales and use tax under Tenn. Code. Ann. § 67-6-314(5). The motions were argued on August 18, 2006, and the Court took

the matter under advisement and issued a Memorandum Opinion on June 5, 2007 and entered Final Judgment in favor of defendant against appellant.

The Final Decree, as entered, was signed by Cristi Scott, "Cristi Scott sitting as Chancellor by Interchange".

*Sua Sponte* we inquired of the parties by Order:

The Final Decree in this case was signed by Cristi Scott, which the Decree designates as "Cristi Scott sitting as Chancellor by Interchange".

We cannot find any Order of designation in the record and we are unable to judicially notice that Cristi Scott is a Chancellor.

It is therefore Ordered that counsel for the parties inform the Court by what authority Cristi Scott acted as a Chancellor in this case.

In response to the Order, the parties filed an affidavit of the Chancellor which states:

1.      I am the Part I Chancellor for the Chancery Court of Davidson County.

2.      Cristi Scott is the Chancery Court Clerk and Master for Davidson County.  She is forty-three years old.  She was licensed to practice law in Tennessee in 1991 and she has practiced in this state since 1991.  She has been a resident of Nashville, Tennessee since birth.  Her law license is in good standing.

3.      On August 9, 2006, I e-mailed Cristi Scott to ask that she serve as the Part I Chancellor on August 18, 2006 because I would be out of town that day.  I concluded that none of the other three chancellors (with whom I interchange) would be available to hear motions on cases on August 18, 2006, for Part I.

4.      I found it necessary to be absent from holding court because my son was to participate in an important event at the University of Tennessee Medical School in Memphis.

5.      I was out of town on Friday, August 18, 2006 and Cristi Scott served as substitute judge pursuant to Tenn. Code Ann. §§ 17-2-118(a) and (f)(2), and Tenn. Code Ann. § 17-2-122.

6.      I was back in the court for work on the following Monday.

7.      I reviewed the chancery file for case no. 04-1548-I.  My review shows

that Cristi Scott heard a motion for summary judgment in Maxwell Medical, Inc., v. Loren L. Chumley, No. 04-1548-I, on August 18, 2006. She signed a final order as "Chancellor [sitting] by interchange" after deciding the Motion. In fact, she was serving as a substitute Judge for Part I at my request and direction.

8.      I did not enter an order appointing the Clerk and Master as substitute judge on August 18, 2006.

The Chancellor asserts as her authority Tenn. Code Ann. § 17-2-118(a) and (f)(2). The code section reads:

**17-2-117, Substitute Judges. -** (a) If, for good cause, including but not limited to, by reason of illness, physical incapacitation, vacation or absence from the city or judicial district on a matter related to the judge's judicial office, the judge of a state or county trial court of record is unable to hold court, such judge shall appoint a substitute judge to hold court, preside and adjudicate.

. . .

(f) The provisions of subsections (a)-(e) shall not apply where a judge finds it necessary to be absent from holding court, and appoints as a substitute judge:

(1) A duly elected or appointed judge of any inferior court; or
(2) A full-time officer of the judicial system under the judge's supervision whose duty it is to perform judicial functions, such as a juvenile referee, a child support referee or clerk and master, who is a licensed attorney in good standing with the Tennessee supreme court. Such judicial officer shall only serve as special judge in matters related to that officer's duties as a judicial officer.

Notwithstanding the provisions of subsections (a)-(e), a judge shall have the authority to appoint a substitute judge as provided in this subsection.

The seminal case setting forth the procedure for designating special judges is *Ferrell v. Cigna Property & Cas. Ins. Co.,* 33 S.W.3d 731 (Tenn. 2000). The Supreme Court granted an appeal in that case, "to determine the legality of the trial court's practice of referring worker's compensation cases to a clerk and master for trial". *Id.* 733. In *Ferrell*, the Court held that the proper procedures for appointing a special/substitute judge were not followed, but did not reverse the decision because the Court held the clerk and master was acting as a "de facto judge".

The *Ferrell* Court outlined and detailed the procedure for appointing special/substitute judges, and we quote at length:

In the exercise of our supervisory authority over the judicial system of this

-3-

State, we also deem it necessary to address the alleged standing order by which the Clerk and Master was designated as substitute judge (Circuit Judge Pro Tem) to hear this and all other workers' compensation cases arising in the thirty-first judicial district.

Article VI, § 11 of the Tennessee Constitution provides that

The Legislature may by general laws make provision that special Judges may be appointed, to hold any Courts the Judge of which shall be unable or fail to attend or sit; or to hear any cause in which the Judge may be incompetent.

Under the authority of this constitutional provision, the General Assembly has enacted several statutes relating to the appointment of special/substitute judges including two statutes that are pertinent to the issue in this appeal. Tennessee Code Annotated section 17-2-118 provides that:

(a) If, for good cause, including, but not limited to, by reason of illness, physical incapacitation, vacation or absence from the city or judicial district on a matter related to the judge's judicial office, the judge of a state or county trial court of record is unable to hold court, such judge shall appoint a substitute judge to hold court, preside and adjudicate.
(b) A substitute judge shall possess all of the qualifications of a judge of the court in which the substitute is appointed.
(c) No substitute judge may be appointed for a period of more than three (3) days; provided, that any such judge appointed pursuant to this section may finish any trial that is commenced during the period of appointment.
(d) A substitute judge appointed pursuant to this section shall have no authority to award fees except those that are statutory.
(e) A substitute judge shall not preside over a cause without a consent form signed by all litigants who are present at the beginning of the proceeding. Such consent form shall plainly state that the substitute judge has not been duly elected by the citizens of the judicial district or appointed by the governor but has been appointed pursuant to this section. Further, the consent form shall include the name of the lawyer appointed as substitute judge, the judge of the court in which such substitute judge is sitting, the date for which the substitute judge was appointed, and the reason for the regular judge's absence. The consent form shall be transmitted and maintained on file for public inspection at the administrative office of the courts in Nashville.
(f) *The provisions of subsections (a)-(e) shall not apply where a judge finds it necessary to be absent from holding court, and appoints as a substitute judge:*
(1) A duly elected or appointed judge of any inferior court; or

-4-

(2) *A full-time officer of the judicial system under the judge's supervision whose duty it is to perform judicial functions, such as a juvenile referee, a child support referee or clerk and master, who is a licensed attorney in good standing with the Tennessee supreme court. Such judicial officer shall only serve as special judge in matters related to that officer's duties as a judicial officer.*

Notwithstanding the provisions of subsections (a)-(e), a judge shall have the authority to appoint a substitute judge as provided in this subsection.

(Emphasis added.) A very similar statutory provision is codified at Tenn. Code Ann. § 17-2-122 and provides:

(a) Notwithstanding the provisions of § 16-15-209 or § 17-2-109 or any other relevant provision to the contrary, a judge shall have the authority to appoint a special judge as provided in this section.

(*b) The provisions of § 16-15-209 and § 17-2-109 and any other relevant provision, shall not apply where a judge finds it necessary to be absent from holding court, and appoints as a substitute judge an officer of the judicial system under the judge's supervision whose duty it is to perform judicial functions, such as a juvenile referee, a child support referee or clerk and master, who is a licensed attorney in good standing with the Tennessee supreme court. Such judicial officer shall only serve as special judge in matters related to their duties as judicial officer.*

(Emphasis added.) Where a judge finds it necessary to be absent from holding court, these statutes authorize the judge to appoint a clerk and master to act as special judge so long as the clerk and master is both a licensed attorney in good standing with this Court and is serving as special judge only in matters related to his or her duties as judicial officer.

[9] We emphasize that the statute directs that the absence be necessary. A judge may not use mere convenience as a basis for being "absent from holding court." We agree with the Attorney General that "necessary" as used in this context should be understood in a restrictive sense, "i.e. indispensable as opposed to a more liberal construction, i.e. convenient." Tenn. Op. Atty. Gen. No. 96-003. *See also State v. Black*, 897 S.W.2d 680, 683 (Tenn. 1995). . . .

The Court then pointed out that Tennessee Code Annotated § 17-2-202 provides that a judge has affirmative duties to interchange if:

(1) A judge has died or is unable to hold court;  (2) Two (2 or more judges have

agreed to a mutually convenient interchange; (3) The Judge is incompetent under the provisions of § 17-1-101; or (4) The chief justice of the supreme court has assigned by order a judge to another court pursuant to Supreme Court Rule 11.

In addition, Tenn. Code Ann. § 16-2-509 (e) directs that

[i]f a presiding judge is unable to correct a caseload imbalance or reduce docket delays utilizing the available judges within the district over which the judge presides, *it is the affirmative duty of such presiding judge to contact other presiding judges and request assistance or contact the supreme court and request assistance pursuant to §16-3-502.*

(Emphasis added.)

The Supreme Court then said:

Judges have an obligation to discharge the affirmative duties imposed by these statutes. Supreme Court Rule 10, Canon 3A declares that "[t]he judicial duties of a judge take precedence over all the judge's other activities" and that a judge's judicial duties include "all the duties of the judge's office prescribed by law." The term "law" is defined by Rule 10 to include "court rules as well as statutes, constitutional provisions, and decisional law." (Emphasis added.) *Accordingly, reading these statutes and rules together, we conclude that a trial judge should appoint a clerk and master to act as a special/substitute judge in his or her absence only if the trial judge determines it is not possible either to interchange pursuant to Tenn. Code Ann. § 17-2-202 or to obtain assistance from another presiding judge or from this Court pursuant to section 16-2-509(e). Consistent with these statutes, Tennessee Supreme Court Rule 11 VII(c)(3) explains the procedures that must be followed before appointing a special judge as follows:* (Emphasis ours).

Where a judge of a trial court of record is . . . unable to hold court, as provided in Tenn. Code Ann. § 17-2-118, the following procedure shall be followed, in the sequence designated, for the selection of a substitute judge.

> *(1) The judge shall seek interchange in accordance with Tenn. Code Ann. § 17-2-201 et seq.;*
> *(2) The judge shall apply to the presiding judge of the judicial district to effect an interchange with a judge of that judicial district in accordance with Tenn. Code Ann. § 16-2-509(d);*
> *(3) The presiding judge of the judicial district shall effect an interchange with a judge from another judicial district in accordance with Tenn. Code Ann. § 16-2-509(e);*
> *(4) The presiding judge shall request from the director of the Administrative*

> *Office of the Courts the designation of a judge by the chief justice, in accordance with Tenn. Code Ann. §§ 16-3-502(3)(A) and 17-2-110.*

(Emphasis supplied).

The Court concluded that if the Trial Court had exhausted all the foregoing conditions, it would be appropriate to appoint a clerk and master or another judicial officer, and that the appointment should be made either for a definite period of time or for a specific case.

The procedures set forth by the Supreme Court in *Ferrell* are mandatory procedures to be followed by the trial courts in appointing substitute judges.

This record does not establish that the mandatory requirements of *Ferrell* were followed. We conclude the procedural requirements to appoint a substitute judge were not satisfied on several grounds. The clerk and master was not appointed nor ordered to sit as a judge on August 18, which apparently was a motions docket. Nor does the fact that the Judge was out of town on that date fall within the spirit of the Supreme Court's mandate. Nor was the requirement for exploring interchange satisfied.

The issue thus becomes whether the clerk and master should be considered a "de facto judge" in this case.

Since *Ferrell*, several intermediate court decisions have held the appointed judge to be a defacto judge even though the procedural requirements for the appointment had not been met. These decisions are apparently based on the fact that the Supreme Court itself held the appointed judge to be a "de facto judge"[1]. A subsequent Supreme Court decision, *In re: Valentine*, 79 S.W.3d 539 (Tenn. 2002), considered whether the proper procedure for appointing a special judge was followed in that case, but concluded that the challenge to the judge's authority to sit a special judge had been waived. *Id.* at 545.

As we read *Ferrell*, the proper procedures for appointing a special judge are mandatory. It is the duty of the Trial Court to comply with these requirements. If the procedural requirements to appoint a special judge are not met and our Court upholds the judgment of the judge not properly designated, the mandates of *Ferrell* and the Supreme Court Rule 10 become meaningless. We give force and effect to *Ferrell* and its mandates, and are constrained to vacate the Judgment of the Trial Court and remand for further proceedings in accordance with this Opinion.

---

[1]The Supreme Court properly applied the de facto rule because it was announcing a new procedure to be followed in future cases.

We note with interest that in some of the intermediate appellate court decisions, the State took the position that a judgment by a special judge appointed without following the appropriate procedure was void.

-7-

The cost of the appeal is assessed jointly to the plaintiff and defendant.

_____
HERSCHEL PICKENS FRANKS, P.J.