IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2009 Session

## STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES v. RUTH SAILS, ET AL.

**Direct Appeal from the Juvenile Court for Shelby County**
**No. L3582    Herbert J. Lane, Judge**

**No. W2008-01352-COA-R3-PT - Filed July 10, 2009**

J. STEVEN STAFFORD, J., DISSENTING:

I respectfully dissent from the majority opinion in this case. I do not believe that the special judge was appointed pursuant to the statutory and case law and would further hold that the special judge should not be considered a *de facto* judge. Consequently, I would find all action taken by the special judge to be a nullity.

As noted by the majority, this Court ordered the parties to file supplemental briefs setting forth the authority permitting Herbert J. Lane to hear the termination petition as special judge. According to Appellant's supplemental brief, the Juvenile Court of Shelby County asserts Referee Herbert J. Lane's authority pursuant to Tenn. Code Ann. §17-2-118(f)(2) and *In Re Valentine*, 79 S.W.3d 539 (Tenn. 2002). Furthermore, Appellant states that the bailiff customarily announces that the sitting judge is presiding as special judge pursuant to statute. A copy of the bailiff's announcement card was appended to the supplemental brief; however, there is no indication in the transcript that the bailiff made the announcement in this case. In addition, Appellant provides a copy of the page from the minutes of the Juvenile Court for the instant case. The minutes contain a header, which reads:

> In accordance with Tennessee Code Annotated §17-2-122 the Judge of Juvenile Court of Memphis and Shelby County having found it necessary to be absent from holding court, appointed Herbert J. Lane, a full-time Referee of the Court, appointed by the Judge, who is a licensed attorney in good standing with the Tennessee Supreme Court, to serve as special judge in matters related to his duties as a judicial officer.

THEREUPON THE HONORABLE HERBERT J. LANE, SPECIAL
JUDGE, ASSUMED THE BENCH AND THE COURT WAS DULY
CONVENED, WHEREUPON THE FOLLOWING PROCEEDINGS
WERE HAD....

In its supplemental brief, the State takes the position that the record does not show the authority of the special judge and that the case should be remanded.

Article VI, §11 of the Tennessee Constitution provides that:

The Legislature may by general laws make provision that special judges may be appointed, to hold any Courts the Judge of which shall be unable or fail to attend or sit; or to hear any cause in which the Judge may be competent.

Under this authority, the Tennessee General Assembly has enacted several statutes relating to the appointment of special or substitute judges. Tenn. Code Ann. §17-2-118 provides:

(a) If, for good cause, including, but not limited to, by reason of illness, physical incapacitation, vacation or absence from the city or judicial district on a matter related to the judge's judicial office, the judge of a state or county trial court of record is unable to hold court, such judge shall appoint a substitute judge to hold court, preside and adjudicate.

(b) A substitute judge shall possess all of the qualifications of a judge of the court in which the substitute is appointed.

(c) No substitute judge may be appointed for a period of more than three (3) days; provided, that any such judge appointed pursuant to this section may finish any trial that is commenced during the period of appointment.

(d) A substitute judge appointed pursuant to this section shall have no authority to award fees except those that are statutory.

(e) A substitute judge shall not preside over a cause without a consent form signed by all litigants who are present at the beginning of the proceeding. Such consent form shall plainly state that the substitute judge has not been duly elected by the citizens of the judicial district or appointed by the governor but has been appointed pursuant to this section. Further, the consent form shall include the name of the

-2-

lawyer appointed as substitute judge, the judge of the court in which such substitute judge is sitting, the date for which the substitute judge was appointed, and the reason for the regular judge's absence. The consent form shall be transmitted and maintained on file for public inspection at the administrative office of the courts in Nashville.

(f) The provisions of subsections (a)-(e) shall not apply where a judge finds it necessary to be absent from holding court, and appoints as a substitute judge:

(1) A duly elected or appointed judge of any inferior court; or

(2) A full-time officer of the judicial system under the judge's supervision whose duty it is to perform judicial functions, such as a juvenile referee, a child support referee or clerk and master, who is a licensed attorney in good standing with the Tennessee supreme court. Such judicial officer shall only serve as special judge in matters related to that officer's duties as a judicial officer.

Notwithstanding the provisions of subsections (a)-(e), a judge shall have the authority to appoint a substitute judge as provided in this subsection.

In ***Ferrell v. Cigna Property & Cas. Ins. Co.***, 33 S.W.3d 731 (Tenn. 2000), our Supreme Court held that:

We emphasize that the statute [Tenn. Code Ann. §17-2-118] directs that the absence be necessary. A judge may not use mere convenience as a basis for being "absent from holding court." We agree with the Attorney General that "necessary" as used in this context should be understood in a restrictive sense, "i.e. indispensable as opposed to a more liberal construction, i.e. convenient." Tenn.Op.Atty.Gen. No. 96-003. ***See also State v. Black***, 897 S.W.2d 680, 683 (Tenn.1995) ("Although opinions of the Attorney General are not binding on courts, government officials rely upon them for guidance; therefore, [such] opinion[s][are] entitled to considerable deference .")

***Id.*** at 737-38.

In ***Ferrell***, the Supreme Court also cautioned that Tenn. Code Ann. §17-2-118 should not be read in isolation. ***Id***. at 738. Tenn. Code Ann. §17-2-202 provides:

(a) Each state trial court judge has an affirmative duty to interchange if:

(1) A judge has died or is unable to hold court;

(2) Two (2) or more judges have agreed to a mutually convenient interchange;

(3) The judge is incompetent under the provisions of § 17-2-101; or

(4) The chief justice of the supreme court has assigned by order a judge to another court pursuant to Supreme Court Rule 11.

(b) A failure to comply with an interchange order of the supreme court is a judicial offense under § 17-5-302(2). The chief justice shall report such failure to comply immediately to the presiding judge of the court of the judiciary. The clerk of the supreme court shall maintain such reports for public inspection.

Moreover, Tenn. Code Ann. §16-2-509(e) provides:

(e) If a presiding judge is unable to correct a caseload imbalance or reduce docket delays utilizing the available judges within the district over which the judge presides, it is the affirmative duty of such presiding judge to contact other presiding judges and request assistance or contact the supreme court and request assistance pursuant to § 16-3-502.

Pursuant to this statutory scheme, the *Ferrell* Court held that:

Judges have an obligation to discharge the affirmative duties imposed by these statutes. Supreme Court Rule 10, Canon 3A declares that "[t]he judicial duties of a judge take precedence over all the judge's other activities" and that a judge's judicial duties include "all the duties of the judge's office prescribed by law." The term "law" is defined by Rule 10 to include "court rules as well as statutes, constitutional provisions, and decisional law." Accordingly, reading these statutes and rules together, we conclude that a trial judge should appoint a clerk and master to act as a special/substitute judge in his or her absence only if the trial judge determines it is not possible either to interchange pursuant to Tenn.Code Ann. § 17-2-202 or to obtain assistance from another presiding judge or from this Court pursuant to section 16-2-509(e).

*Ferrell*, 33 S.W.3d at 738.

The *Ferrell* Court further noted that Tennessee Supreme Court Rule 11 VII(c)(3) supports the statutory scheme, and sets out the procedures that must be followed before appointing a special judge:

> Where a judge of a trial court of record is ... unable to hold court, as provided in Tenn. Code Ann. § 17-2-118, the following procedure shall be followed, in the sequence designated, for the selection of a substitute judge.
>
> (1) The judge shall seek interchange in accordance with Tenn. Code Ann. § 17-2-201 et seq.;
>
> (2) The judge shall apply to the presiding judge of the judicial district to effect an interchange with a judge of that judicial district in accordance with Tenn. Code Ann. § 16-2-509(d);
>
> 3) The presiding judge of the judicial district shall effect an interchange with a judge from another judicial district in accordance with Tenn. Code Ann. § 16-2-509(e);
>
> (4) The presiding judge shall request from the director of the Administrative Office of the Courts the designation of a judge by the chief justice, in accordance with Tenn. Code Ann. §§ 16-3-502(3)(A) and 17-2-110.

Tennessee Supreme Court Rule 11 VII(c)(3).

The *Ferrell* Court concluded that, only if the trial court has exhausted all of these conditions, would it be appropriate to appoint another judicial officer to sit in his or her place. *Ferrell*, 33 S.W.3d at 738. The record in this case does not establish that the juvenile court judge followed the statutory and case law mandates in appointing Herbert J. Lane to hear this case. Furthermore, the bailiff's announcement card, and the page from the minutes that were appended to the Appellant's supplemental brief indicate, at best, a standing order, which, as discussed above, is not sufficient to convey authority to a substitute judge.

Our finding that the court failed to follow the statutory procedure does not end the analysis. In *Ferrell*, the Court found that the procedural error did not require reversal because the Clerk and Master was a *de facto* judge. Id. at 739. A judge *de facto* is "one acting with color of right and who is regarded as, and has the reputation of, exercising the judicial function he assumes." *Id*. The Court further explained:

> The judicial acts of one in possession of a judicial office created and in existence by law, under color of right, assuming and exercising the functions of such office with a good faith belief in his right to exercise such authority, involved and acquiesced in by the parties, the bar, court officials and the public, are those of a *de facto* officer.

*Id*. (quoting *State ex rel. Newsom v. Biggers*, 911 S.W.2d 715, 718 (Tenn. 1995)). The Clerk and Master was a *de facto* judge because two statutes authorized the appointment and "the parties consented to the appointment and have not objected on appeal." *Id*. The *Ferrell* Court then announced the procedure that trial courts *must* follow when appointing substitute judges in the future.

Ms. Sails did not object to the appointment of the Juvenile Referee nor has she raised the issue on appeal. This Court, then, faces two related issues: (1) whether the parties waived this issue by failing to raise it below; and (2) whether the Juvenile Referee is a *de facto* judge. After *Ferrell*, several Tennessee decisions have addressed these issues, with varying degrees of consistency.

In *In re Valentine*, 79 S.W.3d 539 (Tenn. 2002), a Juvenile Referee presided over a termination proceeding as a special judge without first confirming his authority to preside on the record. *Id*. at 545. The parent, however, failed to object, and the Court found any procedural error waived pursuant to Tenn. R. App. P. 36(a). *Id*. The termination proceeding and appellate argument in Valentine occurred before *Ferrell* was released. *Id*. at 545 n.5. The Court therefore explained that "[a]fter our decision in *Ferrell*, special judges should confirm that their authority to preside is contained in the record." *Id*.; *see also*, *State ex rel. Young v. Fish*, No. M2005-02671-COA-R3-CV, 2007 WL 1515143, at *8 (Tenn. Ct. App. May 23, 2007) (finding the procedural error in the special judge's appointment waived because the proceeding occurred prior to *Ferrell*).

The termination proceeding in this case took place well after *Ferrell* was decided, and the trial court should have followed the mandated procedure when designating the Juvenile Referee. To be a *de facto* judge, the designated officer must act "with a good faith belief in his right to exercise such authority." *Biggers*, 911 S.W.2d at 718. After *Ferrell*, a judicial officer (like the Juvenile Referee here) knew or should have known that he lacked authority to preside over the termination proceeding. *Fish*, 2007 WL 1515143, at *7. Accordingly, the Juvenile Referee is a *de facto* judge only if Ms. Sails waived the issue by not objecting in the trial court.

In *State Dep't of Children's Servs. v. A.M.H.*, 198 S.W.3d 757 (Tenn. Ct. App. 2006), the Court indicated that the designated attorney acted as a *de facto* judge because the parties failed to object to his authority. *Id*. at 764. Although the termination proceeding occurred after *Ferrell,* the court found that the trial court "did not follow the proper procedure for appointing a special judge, and the record is inadequate to support [the attorney's] authority to serve as a special judge." *Id*. at 764. Despite this error, the Court found that the parent waived the issue on appeal by failing to object in the trial court. *Id*.; *see also*, *State Dep't of Children's Servs. v. F.R.G.*, No. E2006-01614-COA-R3-PT, 2007 WL 494996, at *9 (Tenn. Ct. App. Feb. 16, 2007) (stating, in *dicta*, that a procedural error in designating a special judge was waived on appeal because Mother failed to object

at trial court). Accordingly, the Court held that the presiding attorney issued a valid termination order as a *de facto* judge. ***A.M.H.***, 198 S.W.3d at 764.

The analysis of ***A.M.H***. was put into doubt by a recent decision of the Eastern Section of this Court: ***Maxwell Medical, Inc. v. Chumley***, 282 S.W.3d 893 (Tenn. Ct. App. 2008). In ***Maxwell***, the Court *sua sponte* questioned whether the special judge had been designated in accordance with the statutes and ***Ferrell***. ***Maxwell***, 282 S.W.3d at 894. The Court found that the special judge was not properly designated and explained that "[t]he procedures set forth by the Supreme Court in ***Ferrell*** are mandatory procedures to be followed by the trial courts in appointing substitute judges." ***Id***. at 898. Furthermore, the special judge was not a *de facto* judge because ***Ferrell*** "applied the *de facto* rule because it was announcing a new procedure to be followed in future cases." ***Id.*** at 898 n.1. The Court reasoned that, "[i]f the procedural requirements to appoint a special judge are not met and our Court upholds the judgment of the judge not properly designated, the mandates of ***Ferrell***...become meaningless." ***Id.***

The majority opinion does not address ***Maxwell*** in its brief analysis of this issue. Furthermore, the majority opinion does not explain why Mr. Lane acted as a *de facto* judge. My reluctance to overlook this procedural error also stems from the heightened scrutiny required in termination cases. In another termination case, ***In re J.M.C.H.***, No. M2002-01097-COA-R3-JV, 2002 WL 31662347 (Tenn. Ct. App. Nov. 26, 2002), the appellant-parent failed to include a transcript of the evidence in the appellate record. ***Id***. at *3. The Court, however, did not follow the general rule to "accept as conclusive the trial court's factual findings." ***Id***. at *4. Instead, the Court remanded the matter because "the constitutional implications of a termination proceeding require a record of sufficient completeness to permit proper appellate consideration of the parent's claims." ***Id***. Here, the record fails to show whether the Juvenile Judge's absence was "necessary" or whether Herbert J. Lane was properly designated. Accordingly, I believe this matter should be remanded to the trial court.

_____

J. STEVEN STAFFORD, J.