STATE of Tennessee, Appellee,

v.

Hoyte R. BLACK, Jr., Appellant.

STATE of Tennessee, Appellee,

v.

Robert E. HAMBORG, Sr., Appellant.

Supreme Court of Tennessee,
at Nashville.

April 17, 1995.

Jeffrey A. DeVasher, Sr. Asst. Public Defender, Nashville, for appellants.

Charles W. Burson, Atty. Gen. and Reporter, Jennifer L. Smith, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DROWOTA, Justice.

The defendants, Hoyte R. Black, Jr. and Robert E. Hamborg, Sr., appeal from the Court of Criminal Appeals' affirmance of the lower courts' refusal to waive the defendants' liability for court costs incurred in their prosecutions for driving under the influence (DUI). This case presents two issues for our determination: (1) whether a General Sessions court is authorized to waive a DUI defendant's court costs upon a finding that the defendant is indigent; and (2) assuming that the General Sessions court is so authorized, whether the Court of Criminal Appeals erred in affirming the lower courts' refusal to waive the costs.

### FACTS AND PROCEDURAL HISTORY

The facts of this case are not disputed. On July 27, 1992, Hoyte R. Black pleaded guilty to DUI in the General Sessions Court of Davidson County. Black was sentenced by the court to eleven (11) months and twenty-nine (29) days, with all but forty-eight (48) hours suspended. Black was also fined two hundred fifty ($250) dollars and ordered to pay court costs.

On April 5, 1993, the General Sessions court found Black to be indigent and waived the payment of the fine. The Court, however, denied Black's request to waive the court costs. Black then filed a motion in the Criminal Court, requesting that the court order the General Sessions court to waive the costs. The motion was denied. Black appealed from this ruling to the Court of Criminal Appeals.

On April 16, 1992, the other defendant in this case, Robert Hamborg, pleaded guilty to DUI in the General Sessions Court of Davidson County. Hamborg, like Black, was sentenced to eleven (11) months and twenty-nine (29) days, with all but forty-eight (48) hours suspended. Hamborg was also fined two hundred fifty ($250) dollars and ordered to pay court costs.

On April 5, 1993, the General Sessions court found Hamborg to be indigent and waived the payment of the fine; however, it also denied Hamborg's request to waive the costs. Hamborg then filed a motion in the Criminal Court, requesting that the court order the General Sessions court to waive the costs. This motion was denied, and Hamborg appealed to the Court of Criminal Appeals.

After consolidating the cases, the Court of Criminal Appeals affirmed the judgment. In its analysis, the Court first stated that the issue of whether a General Sessions court possesses the authority to waive court costs is unclear. The Court then held that if the General Sessions court is authorized to waive costs upon a finding of indigency, that authority is discretionary—the court is not required to waive the costs even if the defendant is found to be indigent. The Court concluded that there was no evidence in the record to indicate that the lower courts had abused their discretion in failing to waive the court costs.

Black and Hamborg filed an application for permission to appeal pursuant to Rule 11, Tenn.R.App.P. We granted the application in order to settle this question of General Sessions practice.

## I.

We begin our analysis with the question left unanswered by the Court of Criminal Appeals—whether a General Sessions court has the authority to waive court costs in a DUI case. The defendants argue that the General Sessions courts have this authority, and in support of this contention rely upon Tenn.Code Ann. § 55–50–303(b)(1). That subsection provides:

> In addition to all other requirements of law, prior to reinstating the driving privileges and/or reissuing a driver license to any person who has been convicted of the offense of driving while under the influence, the department [of safety] shall require certification that all fines and costs have been paid *to the court of jurisdiction.* Such certification shall be made upon a form supplied by the department, and shall indicate the fines and costs levied by the court, that all fines and costs have been paid to the court, *or that the fines and/or costs were waived as a result of the person being found to be indigent by the court, if such court is located within this state.* The form shall be completed and certified by the clerk of the court of jurisdiction; however, it is the sole responsibility of the individual seeking reinstatement or reissuance to obtain the certification and present it to the department.

(emphasis added).

The defendants first contend that it must be presumed that the legislature was aware that General Sessions courts had jurisdiction over at least some DUI cases when it passed this legislation in 1990.[1] They then argue that this fact, coupled with the legislature's failure to limit the phrase "court of jurisdiction," establishes that the legislature intended that all courts having jurisdiction over DUI cases, including General Sessions courts, be allowed to waive court costs in DUI cases.

The State counters by arguing that the emphasized language in § 55–50–303(b)(1) must be read in light of the general provisions governing liability for court costs—Tenn.Code Ann. §§ 40–25–123 and 40–25–129. Section 40–25–123 provides that "[i]f the defendant is convicted of a criminal offense, he shall pay all the costs which have accrued in the cause." Section 40–25–129 sets forth certain exceptions to this general rule:

> Neither the state nor any county thereof shall pay or be liable in any criminal prosecution for any costs or fees hereafter accruing, except in the following classes of cases:
>
> .　　.　　.　　.　　.
>
> (2) All cases where the defendant has been convicted *in a court of record* and the court has made a finding at any evidentiary hearing that the defendant is indigent and remains indigent at the time of conviction or where the execution issued upon the judgment against the defendant has been returned nulla bona . . .

(emphasis added).

The State argues that since it may be held liable for court costs only when a defendant has been found to be indigent in a court of record, and since it is undisputed that a General Sessions court is not a court of record, *see State v. McClintock,* 732 S.W.2d 268, 270 (Tenn.1987), it follows that a General Sessions court is not authorized to waive court costs.

In assessing the merits of the parties' arguments, we note as an initial matter that the position espoused by the State is directly contrary to the position that it advanced in an Attorney General's opinion issued just two years ago. In that opinion, which dealt with the issue of whether the payment of all court costs is required before the Department of Safety may reissue a driver's license to a person convicted of DUI, the Attorney General stated:

> Pursuant to T.C.A. § 55–10–403(b)(2), the court may waive the minimum mandatory

1. Tenn.Pub. Acts 1990, ch. 679.

fine if the defendant convicted of DUI is indigent. Authority to waive the DUI mandatory fine is consistent with the court's general authority to waive a fine. T.C.A. § 40–24–102. *A court of record has authority to waive costs where it finds that the defendant is indigent and the county would be assessed the costs in a misdemeanor prosecution, T.C.A. §§ 40–25–129(2) and 40–25–132. Although this authority to waive costs appears to be limited to a court of record, the General Sessions courts share this authority in the case of a DUI conviction for purposes of regaining a driver license by virtue of the language of T.C.A. § 55–50–303(b)(1), '... or that the fines and/or costs were waived as a result of the person being found to be indigent by the court ...'* Attorney General Opinion No. U93–01 (January 11, 1993) (emphasis added).

■ Although opinions of the Attorney General are not binding on courts, government officials rely upon them for guidance; therefore, this opinion is entitled to considerable deference. Thus, the Attorney General's recent opinion supports the defendants' position. That opinion is not, however, the only consideration that supports the defendants' position. As the State points out, §§ 40–25–123 and 40–25–129 are general provisions concerning court costs, while § 55–50–303(b)(1) specifically deals with the ability of courts having jurisdiction over DUI cases to waive those costs. Because it is axiomatic that a specific statute on a particular subject will govern a more general one, *Matter of Harris*, 849 S.W.2d 334, 337 (Tenn.1993); *Watts v. Putnam Co.*, 525 S.W.2d 488, 492 (Tenn.1975), we believe that § 55–50–303(b)(1) should be construed as an exception to the general rules governing court costs. Therefore, we hold that General Sessions courts do possess the authority to waive court costs in a DUI case upon a finding that the defendant is indigent.

### II.

This holding, however, does not resolve the matter before us. Rather, it raises the following issues: (1) given that a General Sessions court is empowered to waive court costs, must it do so upon a finding that the defendant is indigent, or is the decision discretionary; and (2) if the decision is discretionary, did the Court of Criminal Appeals err in holding that the General Sessions court did not abuse its discretion in refusing to waive the costs.

With regard to the first question, the Court of Criminal Appeals stated that:

We find that even if the statutes cited by the parties impliedly grant the power to either the General Sessions or trial judge, there is no affirmative duty upon said judge to waive the costs, even if the defendant is found indigent. A defendant may be indigent at the time of conviction yet the trial court might find that he or she may have the means of paying the costs in the future.

■ This holding is correct. Initially, there is no statutory or decisional authority to support the proposition that a trial court must waive the court costs upon a finding of indigency. Moreover, when the legislature amended Tenn.Code Ann. § 40–3331 (the forerunner of § 40–25–129) to insert the language now codified at § 40–25–129(2), it specifically provided that:

It is the legislative intent of the General Assembly that such finding of indigency, or the issuance and return nulla bona of such execution, or the issuance of such distress warrant, *shall not bar the subsequent recovery from, or on account of, the defendant of any costs, fees, taxes, or other charges authorized, imposed or prescribed by law in connection with such case ...*

Tenn.Pub. Acts 1980, ch. 625 (emphasis added).

Because a rule requiring the trial court to waive court costs upon a finding of a defendant's indigency would categorically prohibit the State from subsequently recovering those costs, we agree with the Court of Criminal Appeals that the decision of whether to waive court costs rests within the discretion of the court.

Having so held, we must now determine whether the Court of Criminal Appeals erred in affirming the lower courts' refusal to waive

the costs. With respect to this question, the Court stated:

> In the case at bar, the record provides no transcript of the hearings conducted by the [trial court]. The court's order in both cases merely recites that 'upon the evidence introduced and argument of counsel, said motion is by the Court denied.' Even if the General Sessions judge has authority to waive costs, we find nothing to indicate that there was an abuse of discretion in failing to grant the motion filed by the defendants.

■ We initially note that the record is not as devoid of evidence of the proceedings as the Court of Criminal Appeals implies. After the Criminal Court denied the defendants' request for a waiver of the court costs, both defendants filed a "Statement of Facts on Appeal" pursuant to Rule 24(c), Tenn. R.App.P. In these statements, the defendants alleged that "this Court found, concurring with the General Sessions Court, that the defendant is indigent and cannot afford to pay the fine and costs in this case." The State did not file an objection to the statements within the time permitted by Rule 24(c); thus, the Court of Criminal Appeals should have considered the statements as true.

■ Despite this, we nevertheless agree with the Court of Criminal Appeals' conclusion. Although it is undisputed that the General Sessions and the Criminal Courts found both defendants to be indigent, the decision of whether to grant a waiver of costs still rests within the court's discretion; and that decision cannot be reversed in the absence of evidence in the record which indicates that "such discretion has been explicitly abused to the great injustice and injury of the party complaining." *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn.1994); *see also Bruce v. Bruce*, 801 S.W.2d 102, 107 (Tenn.App.1990). Because there is no evidence in the record other than the fact of the defendants' indigency, we cannot say that the Court of Criminal Appeals erred in affirming the rulings of the lower courts.

The judgment of the Court of Criminal Appeals is therefore affirmed as modified.

ANDERSON, C.J., REID and BIRCH, JJ., and LEWIS, Special Judge, concur.