IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 23, 2002 Session

## STATE OF TENNESSEE v. NATHAN SCOTT POTTER

**Appeal from the Criminal Court for Sullivan County**
**No. C45,195     Phyllis H. Miller, Judge**

---

**No. E2001-01760-CCA-R3-CD**
**April 2, 2002**

---

The defendant, Nathan Scott Potter, was convicted as a habitual offender under the Motor Vehicle Habitual Offenders Act. See Tenn. Code Ann. §§ 55-10-601 to 618. In this appeal of right, the defendant argues that the petition should have been dismissed for failure to comply with the Tennessee Rules of Civil Procedure. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. JOSEPH M. TIPTON, J., filed a concurring opinion.

Thomas McKinney, Jr., and Clyde L. Tootle, Kingsport, Tennessee, for the appellant, Nathan Scott Potter.

Paul G. Summers, Attorney General & Reporter; Gill Robert Geldreich, Assistant Attorney General; and Robert Montgomery, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 1, 2001, the state filed a petition to declare the defendant a habitual offender under the Motor Vehicle Habitual Offenders Act. The state alleged that the defendant had committed three traffic offenses during a five-year period, thereby qualifying himself as a habitual offender. The trial court entered a show cause order requiring the defendant to appear in court some six weeks later. The order contained the following admonition:

> If you fail to appear as ordered herein, you may be held in violation of this Order and a judgment by default may be rendered against you for the relief demanded in the Petition.

The petition and order were served on the defendant June 6, 2001.

In this appeal, the defendant argues that the petition should have been dismissed for non-compliance with the Tennessee Rules of Civil Procedure. He specifically contends that the petition and order filed by the state do not constitute proper process under those rules, that the order was invalid because it was not signed by an attorney of record, that the petition was subject to dismissal because it did not include a demand for judgment, and that the Motor Vehicle Habitual Offenders Act is unconstitutional because it violates separation of powers between the judicial and legislative branches.

A proceeding pursuant to the Motor Vehicle Habitual Offenders Act is civil in nature and not criminal. Bankston v. State, 815 S.W.2d 213, 216 (Tenn. Crim. App. 1991); Everhart v. State, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978). The petition and order filed by the state in this instance conformed to the requirements of the Motor Vehicle Habitual Offenders statute. See Tenn. Code Ann. §§ 55-10-607 to -609. The Tennessee Rules of Civil Procedure and the Motor Vehicle Habitual Offenders Act, however, are different. The Rules of Civil Procedure, adopted effective January 1, 1971, provide that a civil action is commenced upon the filing of a complaint. Tenn. R. Civ. P. 3. Upon the filing of a complaint, the court clerk "shall forthwith issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process." Tenn. R. Civ. P. 4.01. Under the terms of Tennessee Code Annotated section 55-10-606, however, proceedings initiated under the Motor Vehicle Habitual Offenders Act, which was enacted in 1974, must be by petition filed by the district attorney general in the criminal court. The Act provides that the court "shall make an order directing the individual (defendant) named therein to appear before the court to show cause why the defendant should not be barred from operating a motor vehicle on the highways of this state." Tenn. Code Ann. § 55-10-608(a). The order "shall specify a time certain, not earlier than thirty (30) days after the date of service of the petition and order, at which the defendant shall first appear before the court." Tenn. Code Ann. § 55-10-608(b).

The defendant complains that the Tennessee Rules of Civil Procedure should prevail, as the exclusive procedure, particularly in view of Tennessee Code Annotated § 55-10-617, which provides in pertinent part as follows:

> Supplemental law.–The provisions of this part are supplementary to existing law. Nothing in this part shall be construed to amend or repeal any existing law of this state unless otherwise specified in this part . . . .

In Midsouth Pavers, Inc. v. Arnco Const., Inc., 771 S.W.2d 420, 422 (Tenn. Ct. App. 1989), our court of appeals held that statutes in conflict with rules of procedure should be given effect to the fullest extent possible. It is well established that a specific provision relating to a particular subject takes precedent over a general provision applicable to a multitude of subjects. State v. Black, 897 S.W.2d 680, 683 (Tenn. 1995). "'The special provision [is] deemed an exception, and the general provision [is] construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision.'" State ex rel. v. Safley, 172 Tenn. 385, 112

S.W.2d 831, 833 (1938) (quoting Board of Park Comm'rs v. City of Nashville, 134 Tenn. 612, 629, 185 S.W. 694, 698 (1916)).

Any conflict between the rules and the Act should be resolved favorably to the Act. While the Rules of Civil Procedure would apply, the legislature, by the enactment of the Motor Vehicle Habitual Offenders Act, had specific authority to establish the procedure relative thereto. Even though conflicts between statutes and rules are generally resolved in favor of the rules, see Tenn. Code Ann. § 16-3-406 (1994), the rules are not necessarily superior to the provisions of a particular statutory scheme. See State ex rel. Leech v. Wright, 622 S.W.2d 807, 810-11 (Tenn. 1981) ("We have no hesitancy in holding that if there is any conflict between any express provision of the ouster statutes and the Tennessee Rules of Civil Procedure, the ouster statute should prevail."); State ex rel. Jones v. Byron Looper, No. M1999-00662-COA-R3-CV (Tenn. Ct. App. April 7, 2000). It is our view that the procedure outlined by the Act augments the terms of the civil rules and provides a legitimate, alternative method of notice.

The defendant also contends that the trial court's order directing the appearance is invalid because it is not signed by the District Attorney General or an Assistant District Attorney General. The defendant relies on Tennessee Rule of Civil Procedure 11.01:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, and Tennessee Board of Professional Responsibility number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

The defendant takes the position that the word "shall" in the last sentence of rule is mandatory.

In our view, however, the show cause order executed by the trial judge is not a "pleading, written motion, [or] other paper" within the meaning of the rule. As a panel of this court has already concluded, those provisions pertain to the actions of the parties. See State v. Ben Warren Miller, No. E2000-03038-CCA-R3-CD, Tenn. Crim. App., at Knoxville, Aug. 2, 2001). Courts orders do not require the approval of an attorney before they become effective.

Next, the defendant argues that the trial court had no authority to direct that he would be in violation of the order to appear if he failed to be present on the date provided. The defendant argues that under Rule 8.01 of the Tennessee Rules of Civil Procedure, a pleading for relief must include "a demand for judgment for the relief the pleader seeks." The defendant submits that the order should be vacated because the state did not ask for that specific remedy in its petition.

As the state points out, the petition did include a request that the trial court issue an order prohibiting the defendant from operating a motor vehicle. While a demand for judgment is required under Rule 8.01 of the Tennessee Rules of Civil Procedure, that request, in our view, qualifies as such a demand.

Finally, the defendant asserts that the Motor Vehicle Habitual Offenders Act is unconstitutional because it infringes upon the authority of the judiciary to issue rules governing court process. The defendant cites State v. Mallard, 40 S.W.3d 473, 480-83 (Tenn. 2001), wherein our supreme court ruled that the General Assembly's power to enact rules of evidence was not unlimited and emphasized its inherent power to promulgate rules governing the practice and procedure of the courts. In Mallard, our high court struck down as an intrusion upon the judicial function a legislative enactment allowing prior drug-related convictions to be used as relevant evidence in a prosecution for possession of drug paraphernalia. Id. at 483-84.

The Motor Vehicle Habitual Offenders Act provision at issue relates to pretrial procedure, not trial substance. In Mallard, our supreme court concluded that it is the exclusive duty of the courts to determine whether evidence was sufficiently relevant for admission at trial. A supplemental procedure for bringing a civil matter to the attention of the courts, as is the case here, does not infringe upon the authority of the courts to adjudicate the substantive issue.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE