IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2002

## STATE OF TENNESSEE v. BRENDA MCKENZIE

**Direct Appeal from the Circuit Court for Chester County**
**No. 01-116    Donald H. Allen, Judge**

---

**No. W2001-03061-CCA-R3-CD - Filed December 13, 2002**

---

The appellant, Brenda McKenzie, pled guilty in the Chester County Circuit Court to one count of facilitating the manufacture of methamphetamine and one count of possession of anhydrous ammonia, both Class E felonies. The plea agreement provided for concurrent sentences of two years to be served on community corrections. The appellant moved the trial court to waive or suspend the mandatory fines on both offenses. The court denied the motion and the appellant now appeals. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Brenda McKenzie.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Jerry Woodall, District Attorney General; and Kevin Youngberg and Shaun A. Brown, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

The appellant was originally indicted for the manufacture of methamphetamine, possession of anhydrous ammonia, and possession of drug paraphernalia. Subsequently, she pled guilty to the facilitation of the manufacture of methamphetamine and to the possession of anhydrous ammonia. Pursuant to the plea agreement, the appellant was sentenced as a standard Range I offender to two years for each conviction with the sentences to be served concurrently. Additionally, the agreement provided that the appellant's sentence would be served on community corrections. Finally, the agreement required the appellant to pay a mandatory fine of two thousand dollars ($2000) for the facilitation conviction and a mandatory fine of one thousand dollars ($1000) for the possession conviction. See Tenn. Code Ann. § 39-17-428(b)(9) and (12) (Supp. 2002).

Subsequently, the appellant moved to waive or suspend the mandatory fines, contending that the fines would impose "severe economic hardship" on her. At the hearing on this motion, the appellant testified that she had limited resources and after payment of her bills she was "struggling." Specifically, the appellant testified that she "brings home two fifty a week, and I have a lot of bills." Regardless, the trial court found that the appellant was regularly paying the seventy-five dollars ($75) per month imposed by the court toward payment of her appointed attorney. Accordingly, the court noted that after the appellant paid those costs, she should be able to continue paying seventy-five dollars ($75) per month toward her fines. However, the court also noted that it would revisit the issue if the appellant's financial situation changed or if she continued to have difficulty making the payments after completing her community corrections sentence.

## II. Analysis

Initially we note that "the decision of whether to grant a waiver of [fines] . . . rests within the court's discretion; and that decision cannot be reversed in the absence of evidence in the record which indicates that 'such discretion has been explicitly abused to the great injustice and injury of the party complaining.'" State v. Black, 897 S.W.2d 680, 684 (Tenn. 1995) (quoting Douglas v. Estate of Robertson, 876 S.W.2d 95, 97 (Tenn. 1994)). Specifically, the appellant contends that the trial court should have suspended or waived the mandatory fines pursuant to Tennessee Code Annotated section 39-17-428(d)(1) because the fines imposed severe economic hardship upon the appellant and her family. The statute in question provides:

> Unless the judge, using the applicable criteria set out in § 40-14-202(c), determines that a person convicted of violating this section is indigent, or that payment of the minimum fine would result in a severe economic hardship, or such fine would otherwise not be in the interests of justice, the minimum fines imposed by this section shall be mandatory and shall not be reduced, suspended, waived or otherwise released by the court.

Tenn. Code Ann. § 39-17-428(d)(1).

As we earlier stated, a brief evidentiary hearing was held on the appellant's motion.[1] At the hearing, the appellant testified regarding her financial situation. At the conclusion of the December 17, 2001, hearing, the trial court found:

> [The appellant] appeared before The Court back in August of this year. She was not able to hire her own attorney, and at that time The Court found that she was partially indigent and was not able to hire her own attorney. . . . She was working and . . . bringing home . . . $250.00 a week. That was her take-home pay each week. And

---

[1] The record reflects that there were actually two motions heard by the trial court relating to this same issue; one motion was heard on November 30, 2001, and the other was heard on December 17, 2001. Subsequently, the trial court issued one written order denying both motions. The trial court's order was dated December 31, 2001, and was filed on January 7, 2002. The appellant's notice of appeal, which refers to a November 30, 2001, judgment, was dated December 19, 2001. Nevertheless, "[a] prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d).

because of that, The Court felt like she could pay at least some partial reimbursement for her Court appointed counsel. . . . The Court ordered her to pay that at a rate of $75.00 per month. She has been making those regular payments, it appears. . . .

. . . Now, it was part of the plea agreement that she would pay her fines and Court costs at a rate of $75.00 per month. And I assume that she can make those payments because she's been paying to the Clerk's Office $75.00 a month on her court appointed counsel fees.

Now, at this time, The Court does not feel like she's indigent and not able to pay these fines.

The trial court also stated that it would reevaluate the situation if the appellant had not paid her fines by the end of her two-year community corrections sentence. We agree with the trial court that the appellant has demonstrated an ability to pay seventy-five dollars per month ($75) toward court-appointed attorney's fees and should be able to continue those payments toward the satisfaction of her fines. The trial court carefully considered the appellant's financial circumstances and the sentencing principles. While the appellant's ability to pay a fine is a factor to be considered, it is not necessarily a controlling factor. See State v. Patterson, 966 S.W.2d 435, 446 (Tenn. Crim. App. 1997). In other words, "a significant fine is not automatically precluded just because it works a substantial hardship on a defendant – it may be punitive in the same fashion incarceration may be punitive." State v. Marshall, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993). Moreover, as the trial court noted, the court retains jurisdiction to modify the fines even after the final judgment. See Tenn. Code Ann. § 40-24-102 (1997). Thus, we conclude that the trial court did not abuse its discretion in failing to waive or suspend the mandatory fines imposed upon the appellant. See State v. Cecelia M. Beasley, No. 01C01-9801-CR-00018, 1998 Tenn. Crim. App. LEXIS 965, at *10 (Nashville, Sept. 16, 1998). This issue is without merit.

### III.  Conclusion
Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE