IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 20, 2005

## STATE OF TENNESSEE v. BILL VAUGHN HALTON

**Direct Appeal from the Circuit Court for Cheatham County**
**No. 14371      Robert Burch, Judge**

---

**No. M2004-02738-CCA-R3-CD - Filed August 31, 2005**

---

The Defendant, Bill Vaughn Halton, pled guilty to three counts of sexual battery and to one count of sexual assault. The Defendant filed a petition to suspend fees and court costs. After a hearing, the trial court waived the Defendant's counseling and probation fees, but concluded that it had no authority to waive the Defendant's court costs. On appeal, the Defendant contends that the trial court erred when it refused to waive court costs. After thoroughly reviewing the record and the applicable authorities, we remand this case to the trial court to consider whether or not the Defendant's court costs should be waived.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

William B. (Jake) Lockert, Ashland City, Tennessee, for the Appellant, Bill Vaughn Halton.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Robert Wilson, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION
### I. Facts

On August 20, 2004, the Defendant entered guilty pleas to three counts of sexual battery and one count of sexual assault. The trial court sentenced the Defendant to an effective sentence of one year to be served on probation. The Defendant subsequently filed a petition to suspend fees and court costs. The trial court conducted a hearing to consider the Defendant's petition after which it ordered that the Defendant's counseling and probation fees should be waived. The trial court,

however, ordered that the Defendant's court costs were not waived and should be paid in full. At the hearing on the Defendant's petition, the following exchange occurred:

> THE COURT: I don't see that these statutes give the Court the authority to absolve [a] defendant from paying court costs. They simply state that the county – the state or the county will not be liable. If [a] defendant is found indigent, the [S]tate or the county is not liable; but it doesn't say that [a] defendant isn't liable.
>
> I don't see that these furnish any authority for me to excuse the payment of court costs.
>
> [DEFENSE COUNSEL]: I read them to say, if there has been an evidentiary hearing finding [a] defendant indigent, then the clerk can sue the county or the [S]tate for the cost; and obviously the implication there is, if [a] defendant has been found in an evidentiary hearing to be indigent --
>
> THE COURT: I can see that if [a] defendant is found indigent the practical matter is he may not pay the cost; and the county can be sued for them; but that still doesn't absolve [a] defendant from paying the cost. I don't see any statement in here; and I have looked before in other statutes to find the power of the Court to excuse the payment of court costs because there are certain situations in which a defendant should not be required to pay the court costs because they are totally incapable of doing so; but I don't see that in these statutes that you've handed me.
>
> The supervision and counselling [sic] fees, you know, without regard to what fixed asset and so forth the [D]efendant has the living is a function of cash flow; and I see that his cash flow is pretty much even; and he is unable to pay his supervision fees and counselling [sic] fees; and I'll excuse him from paying those; but I do not see that I have any authority or jurisdiction to absolve the court costs, so that part of it is denied.

It is from this order that the Defendant now appeals.

## II. Analysis

The Defendant contends that the trial court erred in holding that it had no authority to waive the Defendant's court costs. The State concedes the error, and we agree. The Tennessee Supreme Court stated that "the decision of whether to waive court costs rests within the discretion of the court." State v. Black, 897 S.W.2d 680, 683 (Tenn. 1995); see also (State v. Jerry Elam, No. 02C01-9807-CC-00294, 1999 WL 330283 (Tenn. Crim. App., at Jackson, May 26, 1999), *no perm. app. filed* (holding that the trial court has discretionary authority to waive court costs). Tennessee Code

Annotated section 40-35-308(a) provides "[d]uring the term of probation supervision, the sentencing court, on its own motion, or on application of a probation and parole officer, district attorney general or the defendant, may: (1) Modify any condition; (2) Remove any condition; or (3) Release the defendant from further supervision . . . ."

Under the above authorities, the trial court has the discretion to waive court costs and fees. We note that, in Black, the Supreme Court also stated that "there is no statutory or decisional authority to support the proposition that a trial court *must* waive the court costs upon a finding of indigency." Id. at 683 (emphasis added). We conclude that the trial court erred when it determined that it had no authority or discretion to waive the Defendant's court costs. Accordingly, we remand this case to the trial court to consider whether the Defendant's court costs should be waived.

### III.  Conclusion

Based on the foregoing reasoning and authority, we remand this case to the trial court for proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE