# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville August 24, 2010

## STATE OF TENNESSEE v. JEFFREY S. ZARNIK

**Appeal from the Circuit Court for Lincoln County**
**No. S0600025     Robert Crigler, Judge**

---

**No. M2009-00478-CCA-R3-CD - Filed November 23, 2010**

---

The *pro se* defendant, Jeffrey S. Zarnik, appeals the trial court's denial of his motion to reduce or discharge his fine for his 2006 DUI conviction, arguing that the court denied the motion under the erroneous belief that it had no authority to waive the minimum fine in a DUI case. We agree with the defendant. Accordingly, we reverse the judgment of the trial court and remand the case for the trial court to consider the defendant's motion on its merits.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed
and Remanded**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Jeffrey S. Zarnik, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charles F. Crawford, Jr., District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS and PROCEDURAL HISTORY

On August 8, 2006, the defendant entered best interest guilty pleas to a number of felony and misdemeanor offenses, including one count of DUI, in exchange for an effective sentence of five years in the Department of Correction at thirty percent and a $350 fine in the DUI case. On December 11, 2008, the defendant filed a "Motion to Reduce or Discharge All Fines and Costs" in the DUI case, asserting that he was indigent and unable to pay fines, that his occupation required a driver's licence, and that he was unable to obtain his license unless

the fines were waived. In his memorandum of law in support of his motion, the defendant additionally asserted that he had already paid an amount equal to his DUI fine through deductions made from his inmate trust account.

On December 29, 2008, the trial court entered an order denying the motion on the basis that "costs were taxed to the State and the minimum mandatory fines cannot be waived." On January 8, 2009, the defendant filed a motion requesting that the trial court reconsider or amend its judgment pursuant to Tennessee Rules of Civil Procedure 59 and/or 52.02. On February 3, 2009, the trial court entered an order denying the defendant's motion to reconsider on the basis that it failed to state a cause of action. On March 5, 2009, the defendant filed a notice of appeal to the Court of Appeals from the trial court's February 3, 2009 judgment. Finally, on September 4, 2009, the Court of Appeals entered an order transferring the appeal to this court.

## ANALYSIS

The defendant, citing, *inter alia*, Tennessee Code Annotated section 55-10-403(b)(2), contends that a trial court has the authority to waive the minimum fine in a DUI case upon a finding that a defendant is indigent. He further contends that he clearly meets the criteria for indigence under Tennessee Code Annotated section 40-14-202(b) because the trial court appointed a public defender to represent him in the DUI and related cases. The State responds by arguing that we should dismiss the appeal because the defendant's notice of appeal was untimely and the trial court had no jurisdiction to enter its December 29, 2008, order while the defendant was in the custody of the Department of Correction.

Initially, we note that a panel of this court recently dismissed a similar appeal on the basis that "Rule 3(b) [of the Tennessee Rules of Appellate Procedure] does not expressly provide that [a defendant] may appeal as of right the denial of a motion to discharge fines[.]" Jonathon C. Hood v. State, No. M2009-00661-CCA-R3-PC, 2010 WL 3244877, at *1 (Tenn. Crim. App. Aug. 18, 2010). However, in the interest of justice this court may transform an improperly filed appeal into a petition for writ of certiorari. See State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); Tenn. R. App. P. 36(a). Tennessee Code Annotated section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 27-8-101. In <u>Moody v. State</u>, 160 S.W.3d 512 (Tenn. 2005), our supreme court explained that although "[g]enerally, the writ of certiorari is limited in application and may not ordinarily be used to inquire into the correctness of a judgment issued by a court with jurisdiction, . . . [t]he writ properly applies . . . when the action of the trial court is without legal authority and where no other plain, speedy or adequate remedy is available." <u>Id.</u> at 515 (citations and internal quotations omitted). Because the basis for the trial court's ruling, as we shall explain, was contrary to law, we conclude that a writ of certiorari properly applies in this case for review of the trial court's action.

We next address the State's contention that we should dismiss the appeal due to the defendant's untimely filing of his notice of appeal. Rule 4 of the Tennessee Rules of Appellate Procedure provides that a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional and "the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." <u>Michelle Pierre Hill v. State</u>, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996), <u>perm. to appeal denied</u> (Tenn. May 28, 1996). Here, the *pro se* defendant filed his motion to reconsider within thirty days of the trial court's December 29, 2008, denial of his motion to reduce or discharge his fine. The defendant then filed a notice of appeal to the Court of Appeals within thirty days of the February 3, 2009, entry of the trial court's order dismissing his motion to reconsider for failure to state a claim.[1] In light of such circumstances, we have elected to waive the timely notice of appeal requirement in the interest of justice.

The State additionally argues that the appeal should be dismissed because the trial court had no jurisdiction over the defendant after he was transferred to the Department of Correction. In support, the State cites Tennessee Code Annotated section 40-35-212, "Court to determine location and conditions of sentence – Probation – Retention of jurisdiction during sentence," which provides in pertinent part:

> (c) Unless the defendant receives a sentence in the department, the court
> shall retain full jurisdiction over the manner of the defendant's sentence

---

[1]Pursuant to Tennessee Rule of Appellate Procedure 4(a), a notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" There are certain motions that toll the time for filing the notice of appeal. Tenn. R. App. P. 4(c). However, a motion to reconsider is not among the specified motions that toll the thirty-day requirement. <u>State v. Lock</u>, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992) (citing <u>State v. Bilbrey</u>, 816 S.W.2d 71, 74 (Tenn. Crim. App. 1991)).

service.

> (d)(1) Notwithstanding the provisions of subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. The jurisdiction shall continue until the defendant is actually transferred to the physical custody of the department.

Tenn. Code Ann. § 40-35-212(c)-(d)(1) (2006). However, Chapter 24 of the Tennessee Code, which relates to fines, specifically provides that a trial court retains jurisdiction to modify a defendant's fine even after final judgment. Tennessee Code Annotated section 40-24-102 states:

> The several courts in which a cause is finally adjudged are authorized, either before or after final judgment, for good cause, to release the defendants, or any one (1) or more of them, from the whole or any part of fines or forfeitures accruing to the county or state.

Tenn. Code Ann. § 40-24-102 (2006); see also State v. Blevins, 968 S.W.2d 888, 895 n.1 (Tenn. Crim. App. 1997) ("The trial court retains jurisdiction, even after final judgment, to modify the payment schedule or to reduce or remit entirely the amount of fines for which the defendant may be obligated."); State v. Brenda McKenzie, No. W2001-03061-CCA-R3-CD, 2002 WL 31786561, at *2 (Tenn. Crim. App. Dec. 13, 2002) ("[T]he court retains jurisdiction to modify the fines even after the final judgment.); State v. Randy Carroll, No. M1998-00075-CCA-R3-CD, 2000 WL 62109, at *7 (Tenn. Crim. App. Jan. 26, 2000), perm. to appeal denied (Tenn. Oct. 2, 2000) ("[The defendant's] current inability to pay clearly does not mean that he will be unable to pay in the future. Furthermore, the trial court retains jurisdiction, even after final judgment, to modify the fines."). We conclude, therefore, that the trial court had jurisdiction to consider the defendant's motion to discharge his fines despite the fact that the defendant was apparently still in the custody of the Department of Correction at the time he filed his motion.

Turning finally to the merits of this appeal, we agree with the defendant that the basis on which the trial court denied his motion – its conclusion that the minimum fine in a DUI case is mandatory – was erroneous. Tennessee Code Annotated section 55-10-403(b)(2), upon which the defendant relies for his argument, provides in pertinent part:

> Unless the judge, using the applicable criteria set out in § 40-14-202(b), determines that a person convicted of violating §§ 55-10-401– 55-10-404 is indigent, the minimum applicable fine shall be mandatory and shall not be

-4-

subject to reduction or suspension.

Tenn. Code Ann. § 55-10-403(b)(2) (2008). Our supreme court addressed the precise issue raised by the defendant in a 1996 unpublished case, State v. David R. Shelton, No. 01S01-9507-CC-00104, 1996 WL 263581, at *2 (Tenn. May 20, 1996), in which it relied, in part, on the above statute as well as an attorney general opinion to conclude that "[t]rial courts are empowered to waive the minimum fine for DUI upon a determination of indigency."

We disagree, however, with the defendant's contention that he meets the criteria for indigency under Tennessee Code Annotated section 40-14-202(b) merely because the trial court found him indigent for the purposes of appointing counsel following his indictment on the charges. A defendant may be indigent at the time of his conviction, yet have the means of paying fines and costs in the future. See State v. Black, 897 S.W.2d 680, 683 (Tenn. 1995). Moreover, "a motion to discharge or reduce fines and costs due to indigency is not ripe for consideration while a defendant is incarcerated, even if the defendant is serving an unrelated sentence." James E. Lampkin v. State, No. 03C01-9804-CR-00160, 1999 WL 420498, at *2 (Tenn. Crim. App. June 24, 1999) (citing State v. Barbara Brewer and Anita Murray, No. 42, 1988 WL 35452, at *4 (Tenn. Crim. App. Apr. 14, 1988)). We, therefore, reverse the judgment of the trial court denying the defendant's motion to reduce or discharge his fine and remand the matter for the trial court to determine if the defendant's fine should be waived due to his indigency.

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE