# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs- April 10, 2012

## STATE OF TENNESSEE v. BETTY L. DARDEN

**Direct Appeal from the Circuit Court for Dickson County**
**No. 22CC-2009-CR-274    George Sexton, Judge**

---

**No. M2011-01697-CCA-R3-CD - Filed November 15, 2012**

---

The petitioner, Betty L. Darden, appeals the Dickson County Circuit Court's denial of her petition to waive court costs and fines. The petitioner pled nolo contendere to conspiracy to commit aggravated burglary and conspiracy to commit aggravated assault, both Class D felonies, and received an effective sentence of two years, which was suspended to probation. Her probation agreement required payment of court costs and fines on a monthly basis. The petitioner filed a "Petition to Remit Fines and Costs and Waive Probation Fees." A hearing was held on the petition, after which the trial court waived probationary fees but ordered the petitioner to complete payment of her court costs and fines. Following review of the record, we find no abuse of discretion in the decision and affirm the denial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN, AND JEFFREY S. BIVINS, JJ., joined.

William B. "Jake" Lockert, III, District Public Defender; and Kathleen Mitchell, Assistant District Public Defender, for the appellant, Betty L. Darden

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Ray Crouch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History and Factual Background

On June 22, 2009, the petitioner was indicted by a Dickson County grand jury for conspiracy to commit aggravated burglary and conspiracy to commit aggravated assault.

Thereafter, she was declared indigent, and counsel was appointed. On December 11, 2009, the petitioner entered nolo contendere pleas to both charges. She received concurrent sentences of two years for each offense, with the sentences to be served on probation. She was also ordered to pay "court costs [and] fines" in the amount of $2588.81 at a rate of $113.00 per month. From the record, we glean that the "fines" consisted of restitution payable to the victim. It was noted on the agreement that supervision fees were waived.

On June 3, 2011, the petitioner filed a petition to remit the balance of court costs and fines. A hearing was held on the matter, at which the petitioner testified. The petitioner stated that she was receiving disability in the amount of $601.00 per month. She testified that she lived with her daughter and that they split the bills. According to the petitioner, she had approximately $150.00 left after she paid her bills each month, sometimes less when she buys medicine. The petitioner stated that she was unable to pay the $113.00 payment for the remaining five months of her probationary sentence.

The trial court stated that it would waive payment of probation fees, which the petitioner indicated she did not have. The original order entered in the case reflected that these fees had previously been waived. However, the court refused to waive payment of court costs and fines. The petitioner has timely appealed the decision.

**Analysis**

On appeal, the petitioner contends that the "decision not to waive court costs was in error, since the unrebutted testimony of the [petitioner] showed that she is disabled and didn't have the income to pay court costs." As an initial matter, the State contends that the appeal should be dismissed because Rule 3(b) of the Tennessee Rules of Appellate Procedure does not provide for an appeal as of right from a trial court's denial of a motion to discharge her court costs and fines. We disagree. "Acknowledging the power of the trial court to reduce, suspend, or release fines, our Supreme Court has made it clear that such action is subject to appellate review." *State v. Jerry Elam*, No. 02C01-9807-CC-00204 (Tenn. Crim. App., at Jackson, May 26, 1999) (citing *State v. Bryant*, 805 S.W.2d 762, 765-66 (Tenn. 1991)).

A trial court's decision to assess or waive court costs rests within the discretion of the court. *State v. Black*, 897 S.W.2d 680, 683 (Tenn. 1995). Accordingly, this court will not reverse the lower court's decision in the "absence of evidence in the record which indicates that 'such discretion has been explicitly abused to the great injustice and injury of the party complaining.'" *Id*. at 684 (quoting *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994)); *see also* Tenn. R. App. P. 36(b). The burden is on the petitioner to show an abuse of discretion on the part of the trial court. *Douglas*, 876 S.W.2d at 97.

Tennessee Code Annotated section 40-35-308(a) (2010) provides that "[D]uring the term of probation supervision, the sentencing court, on it own motion, or on application of a probation and parole officer, district attorney general or the defendant, may: (1) Modify any condition; (2) Remove any condition; or (3) Release the defendant from further supervision . . . ." Under this authority, the trial court has the discretion to waive court costs and fees. Additionally, after conducting a hearing on a party's motion to alter the terms of restitution, the trial court may adjust or waive payment if it finds that the circumstances upon which it based the restitution no longer exist or that it would be unjust to require payment as imposed. T.C.A. § 40-35-304(f). However, there is no affirmative duty upon a trial judge to waive costs, even if the petitioner is found indigent. *Black*, 897 S.W.2d at 683. In addition, there is no statutory or decisional authority to support the proposition that a trial court must waive the court costs upon a finding of indigency. *Id.*

On this record, we conclude no abuse of discretion occurred. Although the petitioner was declared indigent for the purpose of appointment of an attorney, that finding does not preclude the trial court from refusing to waive the court costs and fines in this case. By the petitioner's own testimony, she has $150.00 remaining after she pays her monthly bills. The amount ordered by the court to be paid is $113.00. Although it may constrain the petitioner's spending or lifestyle, she has funds with which to pay her court costs and fines. Moreover, as no evidence of arrearage was mentioned, it appears that she has in fact been paying her costs for over a year and a half, as only five months remain on her two-year sentence. On these facts, the trial court did not abuse its discretion in denying the petition.

## CONCLUSION

Based upon the foregoing, the denial of the petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE