IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 21, 2016 Session

## STATE OF TENNESSEE v. JAVONTA MARQUIS PERKINS

**Appeal from the Criminal Court for Davidson County**
**No. 2012-C-2144       J. Randall Wyatt, Jr., Judge**

_____

**No. M2015-01025-CCA-R3-CD – Filed November 7, 2016**

_____

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

I agree with most of the conclusions set forth in the majority opinion. I write separately, however, to respectfully dissent from the majority's conclusion that Sergeant Sanderson qualified as an endangered third party, which elevated the evading arrest to a Class D felony.

Relevant to this case, evading arrest occurs when a person operating a motor vehicle on any street, road, alley, or highway intentionally flees or attempts to elude any law enforcement officer after the person has received any signal from the officer to stop. Tenn. Code Ann. § 39-16-603(b)(1). At the time of the pursuit, the statute provided that the offense was a Class E felony "unless the flight or attempt to elude creates a risk or death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony." Tenn. Code Ann. § 39-16-603(b)(3) (2010). A Tennessee Attorney General opinion, filed long before our legislature amended subsection (b)(3) to specifically include "pursuing law enforcement officers" with innocent bystanders or other third parties, concluded that officers attempting to arrest the driver were not innocent bystanders or third parties under the statute. Tenn. Op. Att'y Gen. No. 00-140 (2000). As the opinion explained,

> Provisions of the criminal code should be "construed according to the fair import of their terms, including reference to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code." Tenn. Code Ann. § 39-11-104 (1997). When a term is not defined in a statute, the term should be given its ordinary and commonly accepted meaning. Beare Co. v. Tennessee

Dep't of Revenue, 858 S.W.2d 906, 908 (Tenn. 1993).

> A "bystander" is "a person who stands near but does not participate; [a] mere onlooker." Webster's New World Dictionary of the American Language, 2d College Edition 195 (1976). Black's Law dictionary defines a "bystander" as "one who stands near; a chance looker-on; hence one who has no concern with the business being transacted. One present but not taking part, looker on, spectator, beholder, observer." Black's Law Dictionary 182 (5th ed. 1979). An "innocent" bystander is an onlooker who is "guiltless," Webster's New World Dictionary at 726, or "free from guilt," Black's Law Dictionary at 708.

> A "third party," on the other hand, is "a person in a case or matter other than the principals." Webster's New World Dictionary at 1479. Thus, a third party may be involved in the offense, either as an accomplice or a passenger, but would not be the driver or a law enforcement officer giving chase.

> When it enacted Tenn. Code Ann. § 39-16-603(b), the legislature could have limited criminal liability for creating a risk of death or injury to the risk to innocent bystanders. The legislature did not impose this limitation, however, as reflected by the statute's enhanced punishment for creating a risk of death or injury to "other third parties." Because one should "assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose," Locust v. State, 912 S.W.2d 716, 718 (Tenn. Ct. App. 1995), it is the opinion of this Office that the legislature intended the risk of death or injury to encompass anyone other than the driver or the officers chasing him, regardless of whether the person endangered has aided or abetted the driver.

I think this reasoning is sound. Moreover, although attorney general opinions are not binding authority, they are "entitled to considerable deference." State v. Black, 897 S.W.2d 680, 683 (Tenn. 1995).

In support of its conclusion that Sergeant Sanderson qualified as an endangered

third party, the majority quotes <u>State v. Cross</u>, 362 S.W.3d 512, 521 (Tenn. 2012), in which our supreme court stated that innocent bystanders or third parties are considered "persons other than the defendant him or herself and the officer giving the signal to stop." However, <u>Cross</u> involved the pursuit of a defendant by only one officer. Thus, the issue of whether additional officers pursuing a defendant are innocent bystanders or third parties was never raised nor addressed.

Finally, the majority notes that the evidence is unclear as to whether Sergeant Sanderson had activated his blue lights when he encountered the stolen Pontiac. In my view, once the initial officer gave the signal to stop, the question of whether additional officers joining the pursuit also gave a signal to stop was irrelevant. In any event, Officer Spillers testified that Sergeant Sanderson, who was "coming up" Trinity Lane as the Pontiac turned onto Trinity, "activate[d] his blue lights and they almost hit, they almost hit him head-on right there on West Trinity."

In sum, I would hold that under the statute in effect at the time of the offense, the flight did not create a risk of death or injury to an innocent bystander or other third party. Therefore, I would modify the Defendant's conviction to Class E felony evading arrest.

_____
NORMA MCGEE OGLE, JUDGE