IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 3, 2026 Session

## IN RE KANSAS B. ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 21CV-38      Deana C. Hood, Judge**

_____

### No. M2025-00553-COA-R3-JV

_____

The appellant is a physician assistant accused by the Department of Children's Services ("DCS") of sexually abusing a stepchild. After one appeal of the dependency and neglect case, the appellant and DCS entered into an agreed order to resolve the matter. According to the appellant, he did not stipulate in the agreed order that he engaged in the alleged misconduct. In a related criminal case, the appellant was indicted by a grand jury and ultimately entered a no contest plea. He did not admit guilt, no conviction was entered, and all charges will be dismissed and expunged if he completes his probation. The Tennessee Department of Health ("DOH" or "the Department") informed the appellant that it had opened a case against him before the Board of Physician Assistants regarding his fitness to practice "due to the allegations in the [dependency and neglect] matter." The Department sought certain records from the juvenile court case, and the appellant opposed it. The trial court granted the Department's motion, and the appellant appealed. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

W. Justin Adams, Nashville, Tennessee, for the appellant, Jonathan C.

Jonathan Skrmetti, Attorney General and Reporter, J. Matthew Rice, Solicitor General, T. Eric Winters, Assistant Attorney General, and Kristen Bell, Assistant Attorney General, for the appellee, Tennessee Department of Health.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Jonathan C. ("Stepfather") is a physician assistant. On June 8, 2020, DCS filed a petition in the Williamson County Juvenile Court alleging that Kansas B. and her three siblings were dependent and neglected because Stepfather had sexually abused Kansas, his stepdaughter. Stepfather filed a motion to compel his accuser to testify, but the juvenile court entered a judgment against him without requiring Kansas to testify. Stepfather appealed to the Williamson County Circuit Court and filed a notice of the deposition of Kansas. The circuit court quashed the notice, denied Stepfather's motion to compel Kansas to testify, and ruled against him. Stepfather then appealed to this Court, and we reversed, holding that the circuit court erred in precluding Stepfather from calling Kansas as a witness. *In re Kansas B.*, 664 S.W.3d 22, 32 (Tenn. Ct. App. 2022). On remand, Stepfather and DCS entered into an agreed order to resolve the case. According to Stepfather, he did not stipulate in the agreed order that he engaged in the alleged misconduct.

In addition to the DCS case against him, Stepfather faced criminal charges because the Williamson County Grand Jury indicted him on September 13, 2021, based on the allegations of sexual abuse in the DCS case. In February 2024, the State offered to resolve the case on a no contest plea to one count of sexual battery pursuant to the judicial diversion statute, Tenn. Code Ann. § 40-35-313, with six years of probation. According to Stepfather, he accepted the plea agreement and entered a no contest plea because he "fear[ed] wrongful conviction and decades of imprisonment;" he did not admit guilt, no conviction was entered, and all charges will be dismissed and expunged if he completes his probation.

Shortly after Stepfather accepted the no contest plea, DOH informed him that it had opened a case against him before the Board of Physician Assistants regarding his fitness to practice "due to the allegations in the [dependency and neglect] matter." The Department further informed him that it intended to initiate an administrative proceeding against him unless he agreed to a consent order revoking his physician assistant license. Stepfather refused to agree to a consent order, explaining to DOH that his no contest plea in the criminal case did not constitute an admission of guilt.

On December 23, 2024, DOH filed a motion in the circuit court requesting that the "Court's Orders, Recording, and Evidence" in the DCS case be released pursuant to Tenn. Code Ann. § 37-1-153(a)(5). Generally, the records in juvenile proceedings are confidential, but this statute provides an exception making them open to inspection "[w]ith permission of the court, [by] any other person or agency or institution having a legitimate interest in the proceeding or in the work of the court." Tenn. Code Ann. § 37-1-153(a)(5). The circuit court granted the motion, finding that DOH "has a legitimate interest in the proceeding before this [c]ourt involving the Petition for Dependency/Neglect and Severe Abuse." Upon Stepfather's motion, the circuit court entered an amended order that

confined its release order to the petition and orders issued in the DCS case. Stepfather appealed, and a stay was entered pending this appeal.

Stepfather raises the following issues on appeal:

1. Did the trial court err by granting DOH's motion pursuant to Tenn. Code Ann. § 37-1-153(a)(5) because DOH was not a party or intervenor in the DCS case and therefore lacked standing to file a motion in that case?

2. Did the trial court err by finding under Tenn. Code Ann. § 37-1-153(a)(5) that DOH had a "legitimate interest" in the sealed records where DOH failed to offer any proof of such interest?

3. Did the trial court err by finding under Tenn. Code Ann. § 37-1-153(a)(5) that DOH had a "legitimate interest" in the sealed records where it did not find that the information in those records was "essential" to DOH's case?

4. Did the trial court err by finding under Tenn. Code Ann. § 37-1-153(a)(5) that DOH had a "legitimate interest" in the sealed records where it did not find and could not have found that the information in those records was unavailable from other sources?

5. Did the trial court err by ordering the release of the sealed records held by the juvenile court because it lacked subject matter jurisdiction under Tenn. Code Ann. § 37-1-153(a)(5)?

STANDARD OF REVIEW

"Issues of statutory interpretation are questions of law, which are also reviewed de novo without a presumption of correctness." *Coffee Cnty. Bd. of Educ. v. City of Tullahoma*, 574 S.W.3d 832, 839 (Tenn. 2019). "We give the words of a statute their 'natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose.'" *State v. DeBerry*, 651 S.W.3d 918, 925 (Tenn. 2022) (quoting *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. 2015) (quoting *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013)).

ANALYSIS

All juvenile court files and records are generally exempt from inspection except in certain situations set forth in Tenn. Code Ann. § 37-1-153. Tennessee Code Annotated section 37-1-153(a)(5) states that the records may be examined "[w]ith permission of the

court, [by] any other person or agency or institution having a legitimate interest in the proceeding or in the work of the court."

Stepfather first contends that the trial court erred by granting DOH's motion pursuant to Tenn. Code Ann. § 37-1-153(a)(5) because DOH was not a party or intervenor in the DCS case and therefore lacked standing to file a motion in that case. Tennessee Code Annotated section 37-1-153(a)(5) does not require that the agency be a party or intervenor. It requires only that the agency have "a legitimate interest in the proceeding or in the work of the court." *Id.* This brings us to Stepfather's second contention, that the trial court erred by finding under Tenn. Code Ann. § 37-1-153(a)(5) that DOH had a "legitimate interest" in the sealed records, where DOH failed to offer any proof of such interest. The statute does not require any particular method for demonstrating a "legitimate interest" in the proceeding. In its motion, the Department stated:

> The Department would show that a legitimate interest exists for the release of certified copies of court records to the Department, because the Respondent, [Stepfather], is a licensed Physician Assistant in the State of Tennessee. The Department currently has an open case regarding [Stepfather's] fitness to practice as a physician assistant in Tennessee due to the allegations in the matter which was before this Court. The Department believes that [Stepfather] has violated the Tennessee Physician Assistant Practice Act by virtue of the acts that were the subject of the case in front of this Honorable Court.
>
> The Department is responsible for protecting the health, safety, and welfare of people in the State of Tennessee.

Courts take "mandatory judicial notice" of statutes. TENN. R. EVID 202(a). s*ee also Williams v. Epperson*, 607 S.W.3d 289, 298-99 (Tenn. Ct. App. 2020). The statutes that the Department cited are all that is needed to support the Department having a "legitimate interest" in the court proceedings.

Stepfather also maintains that the trial court erred in finding that, under Tenn. Code Ann. § 37-1-153(a)(5), DOH had a "legitimate interest" in the sealed records where it did not find that the information in those records was "essential" to DOH's case or unavailable from other sources. Tennessee Code Annotated section 37-1-153(a)(5) contains no such requirements. Stepfather attempts to support his contention via Tenn. Op. Att'y Gen. No. 00-128 (Aug. 10, 2000). Yet, that opinion is readily distinguishable because it concerns media access, not the access of a state agency. And, it is well-established that opinions of the Tennessee Attorney General are not binding on the courts. *State v. Black*, 897 S.W.2d 680, 683 (Tenn. 1995).

Stepfather's final contention is that the trial court erred by ordering the release of the sealed records held by the juvenile court because it lacked subject matter jurisdiction under Tenn. Code Ann. § 37-1-153(a)(5). In other words, he argues that the circuit court could not release juvenile court records, citing *State v. Harris*, 30 S.W.3d 345, 351 (Tenn. Crim. App. 1999). In *Harris*, the circuit court was asked to release records over which the juvenile court had control. The Court of Criminal Appeals naturally and correctly ruled that the appellant had to ask the juvenile court for the records "because the juvenile court is the court that has control over these records." *Id*. at 352. In this instance, however, the circuit court, by virtue of the appeal from the juvenile court, had all of the case records, juvenile and circuit. *See* Tenn. Code Ann. § 37-1-159(c) ("When an appeal has been perfected, the juvenile court shall cause the entire record in the case . . . to be taken forthwith to the criminal court or the circuit court. . . ."); *see also* TENN. R. JUV. P. 118. Thus, the circuit court had control and jurisdiction over the records and could order their release to the Department.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Jonathan C., for which execution may issue if necessary.

 /s/ Andy D. Bennett                    
ANDY D. BENNETT, JUDGE