# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### JULY 1998 SESSION

FILED

August 5, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9708-CC-00373** |
| Appellee, | ) | |
| | ) | **GILES COUNTY** |
| VS. | ) | **(Nos. 8106, 8107, 8108 Below)** |
| | ) | |
| **WAYNE COLEMAN BOONE,** | ) | **The Hon. Robert L. Jones** |
| | ) | |
| Appellant. | ) | **(Sentencing)** |

FOR THE APPELLANT:
SHARA A. FLACY
Public Defender
22nd Judicial District
128 North Second Street
P.O. Box 1208
Pulaski, TN 38478

FOR THE APPELLEE:
JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

T. MICHAEL BOTTOMS
District Attorney General
22nd Judicial District
P.O. Box 459
Lawrenceburg, TN 38464

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

The appellant, Wayne Coleman Boone, pled guilty to one count of driving under the influence of an intoxicant (DUI), third offense, one count of simple possession of marijuana, and two counts of driving on a revoked license. After a sentencing hearing, the appellant received an effective sentence of six months in jail, followed by 11 months and 29 days on supervised probation. He was ordered to pay a fine of $1100 on the DUI conviction and a fine of $250 on the simple possession of marijuana conviction. The appellant was ordered to serve 120 days before he would be eligible for work release, and his driver's license was revoked for three years. In this appeal as of right, the appellant contends that his sentence is excessive. Specifically, the appellant contends that the trial court should have sentenced him to the statutory minimum of 120 days in jail, see T.C.A. § 55-10-403(a)(1), and that the trial court should have remitted the mandatory fines based on his indigency. The state, in a cross-appeal, contends that the trial court erred by failing to revoke the appellant's driving privileges.

Based on our review of the briefs and the entire record in this cause, we conclude that this is an appropriate case for affirmance under Rule 20, Tennessee Court of Criminal Appeals Rules.

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. T.C.A. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any

statements made by the defendant, and the potential for rehabilitation or treatment. <u>State v. Holland</u>, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. <u>State v. Gregory</u>, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

A misdemeanant is not entitled to the presumption of a minimum sentence. <u>State v. Creasy</u>, 885 S.W.2d 829 (Tenn. Crim. App. 1994). Further, misdemeanor sentences do not contain ranges of punishments, and a misdemeanor defendant may be sentenced to the maximum term provided for the offense as long as the sentence imposed is consistent with the purposes of the sentencing act. <u>State v. Palmer</u>, 902 S.W.2d 391, 393 (Tenn. 1995). Our statutory system pertaining to misdemeanor sentencing is designed to provide trial courts with continuing jurisdiction and a great deal of flexibility. <u>State v. Boyd</u>, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995).

In the present case, the trial court held a separate sentencing hearing for which a pre-sentence report was ordered. The appellant's criminal record consists of three public intoxication convictions in 1990-1991 and three DUI convictions in 1994-1996. The appellant was also convicted of rape in 1976, however, the trial court found that the conviction was too old to be relevant for sentencing purposes. In determining the sentence, the trial court considered the appellant's previous criminal history and the fact that all prior relevant offenses involved the use of alcohol. It also considered that the appellant had been given a break on the three prior DUI convictions in that he was allowed to plead guilty to a first offense in each instance. As mitigating circumstances, the trial court noted that the appellant had voluntarily and successfully completed an alcohol treatment program in May 1997. The trial court further considered as positive factors that the appellant was gainfully employed and had a supportive family. Based on our review, we find that the appellant has not overcome the presumption that the sentences imposed by the trial court are correct.

The appellant also argues that the trial court erred by failing to remit the mandatory fines because he is indigent. <u>See</u> T.C.A. § 55-10-403(b)(2) and T.C.A. § 39-17-428(d)(1). The decision of whether to grant a waiver of mandatory fines based on a finding

of indigency rests within the trial court's discretion, and that decision cannot be reversed in the absence of evidence in the record which indicates an abuse of that discretion which has done great injustice and injury to the party complaining. State v. Black, 897 S.W.2d 680, 684 (Tenn. 1995). While the trial court found the appellant to be indigent in this case for purposes of appointing counsel, it also found that the appellant could pay $25 a week to partially reimburse the state's expense in doing so. The pre-sentence report shows that the appellant will be responsible for medical bills if not covered by insurance, however, there was also proof that the appellant is gainfully employed and that his employer would allow him to return to work after a period of incarceration, including a commitment to provide transportation if the appellant is given work release. Based on the record, we cannot find that the trial court abused its discretion in declining to remit the mandatory fines.

Finally, the state argues that the trial court erred by failing to revoke the appellant's driving privilege upon his conviction for DUI, third offense. See T.C.A. § 55-10-403(a)(1). Because the judgment clearly states as a special condition that the appellant's license is revoked for a period of three years, this issue is moot.

Accordingly, based upon a reading of the entire record, the briefs of the parties, and the applicable law, this Court finds that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE

-3-