**58** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

James Kenneth HICKS, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

March 30, 1976.

Certiorari Denied by Supreme Court
June 7, 1976.

W. Howell Forrester, Pulaski, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, Robert H. Gay, Dist. Atty. Gen., Lawrenceburg, for defendant-in-error.

OPINION

RUSSELL, Judge.

James Kenneth Hicks appeals his sodomy conviction and five year penitentiary sentence. The alleged crime against nature was copulation per anus committed upon another inmate of the Giles County Jail. The State's case is made out by the testimony of the victim, Dennis Miller, and two other inmate witnesses. The defendant admits whipping Miller with a belt, threatening to commit the offense upon him, having Miller upon his (Hicks') bunk at the time that others say the offense occurred, but denies the offense.

Error is assigned "because the verdict of the jury is so totally unrealistic as to indicate passion, prejudice and caprice". We find that the evidence is legally sufficient, and quite convincing. While there were discrepancies of detail, the fundamental facts were well established.

▆ Complaint is made that the witness, Charles Black, was allowed to testify about statements made by the victim, Miller, to the county road crew, when the defendant was not present. The court permitted Black, who was also an inmate, to testify that on the day following the alleged sodomy that he asked Miller what was wrong with him and Miller replied, "Them boys raped me in jail" and "They raped me in jail the other night". Also present was a Mr. Gordon, apparently a supervisor over the county convict road crew. Miller testified that he did not sound the alarm at the time of the attack upon his body because he physically could not, and was also later threatened with death if he told. The complained-of report the following day, at what might be characterized as his first real opportunity to freely report the attack, is admissible in corroboration of his testimony, just as the post-attack statements of a female rape victim are admissible in corroboration of her testimony. *King v. State*, 210 Tenn. 150, 357 S.W.2d 42 (1962). It is also noteworthy that this statement is not explicitly accusatory of the defendant.

■ Error is assigned upon the State's "failure" to bring three other inmates to testify. The State was under no obligation to produce every possible witness.

■ The only remaining assignment of error warranting specific treatment contends that a verdict should have been directed because the indictment alleged that the crime occurred on December 9, 1973, while the alleged victim testified that it was on December 13, 1973; and Deputy Sheriff Newton thought that the date was December 12, 1973. Suffice it to say that there was adequate State proof that December 9, as alleged, was the date of the crime.

We have reviewed all assignments of error and find them to be without merit. The conviction is affirmed.

GALBREATH and DWYER, JJ., concur.